# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| National Bank of Anguilla (Private Banking and Trust) Ltd., | )<br>)<br>) |
| Plaintiff, | )    C.A. No.: 9:17-cv-653-PMD<br>) |
| v. | )    **ORDER**<br>) |
| Robert Considine and Anne Considine, | )<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the Court on Defendants Robert and Anne Considine's motion to reconsider the Court's August 1 Order (ECF Nos. 25 & 23). For the reasons set forth herein, the Considines' motion is denied.

## DISCUSSION

Pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure, the Considines dispute the Court's conclusion that either South Carolina's twenty-year statute of limitations or Anguilla's twelve-year statute of limitations applies to this action.[1] According to the Considines, the Court's order contains a clear error of law and should be revised because South Carolina's twenty-year statute of limitations cannot apply to Plaintiff National Bank's claim. The Considines assert that the appropriate South Carolina statute of limitations is the three-year statute of limitations set forth in section 15-3-530(1) of the South Carolina Code. Accordingly, they argue that because National Bank's claim would be barred under South Carolina's three-year statute of limitations, the Court must actually decide whether South Carolina or Anguilla's statute of limitations applies. The Court disagrees.

---

1. Because Plaintiff's claim is timely under either the twelve or the twenty-year statute of limitations, the Court refrained from deciding which one ultimately applied.

The Considines first summarily argue that National Bank never raised South Carolina's twenty-year statute of limitations in their briefs, and seem to imply that either National Bank has waived that argument or that the Court cannot apply a different statute of limitations than those the parties have raised. Such an argument holds no weight in this instance. South Carolina Code section 15-3-530(1), which the Considines favor, expressly provides that there is a three-year statute of limitations for actions "upon a contract, obligation, or liability, express or implied, **excepting those provided for in Section 15-3-520**." S.C. Code Ann. § 15-3-530(1) (emphasis added). Section 15-3-520(a), the express exception to section 15-3-530(1), provides that a twenty-year statute of limitations applies to "an action upon a bond or other contract in writing secured by a mortgage of real property." The Court cannot simply ignore that the three-year statute of limitations itself lists the twenty-year statute of limitations as an exception, and rejects the Considines' first argument.

Next, the Considines argue that section 15-3-520(a)'s twenty-year statute of limitations does not apply to a document that was never recorded in South Carolina, and that would not meet South Carolina's recording requirements. The Considines' primary authority for that argument is *Arthur v. Screven*, 17 S.E. 640 (1893). To a lesser extent, the Considines also rely on South Carolina's mortgage recording statutes. *See* S.C. Code Ann. §§ 30-5-30, -7-10. The gist of the Considines' argument is that in order for the twenty-year statute of limitations to apply, the mortgage securing the bond or other contract in writing must be recorded in South Carolina. Because a mortgage cannot be recorded in South Carolina without meeting South Carolina's recording requirements, *see* S.C. Code Ann. § 30-5-30, the mortgage must also meet the requirements for recording in South Carolina. It is undisputed that the mortgage securing the

contract here does not meet the requirements for recording in South Carolina and was also never recorded in South Carolina.

The Court rejects the Considines' argument. Neither the three nor the twenty-year statute of limitations contains any language limiting its applicability. Additionally, section 15-3-520(a) does not require that the mortgage securing the contract in writing must meet South Carolina's recording requirements. Both of the Considines' arguments in that regard arise out of the South Carolina Supreme Court's 1893 decision in *Arthur*. There, the court held that a document lacked the requisite formalities to create a mortgage over South Carolina property as a matter of South Carolina law because it was not "signed, sealed, and delivered in the presence of two subscribing witnesses." *Arthur*, 17 S.E. at 642. *Arthur* is inapposite to the facts of this case. The mortgage here does not cover South Carolina property, it covers Anguillan property. Thus, the parties had no reason to satisfy South Carolina's requirements when they created it, nor would they have any reason to record it in South Carolina. The Considines do not challenge Eustella Fontaine's declaration that the mortgage satisfies Anguilla's requirements. Based on the foregoing, the Court again concludes that if a South Carolina statute of limitations applies, it is section 15-3-520's twenty-year statute of limitations. Thus, the Court declines to certify the Considines' proposed questions to the South Carolina Supreme Court.

## **CONCLUSION**

For the foregoing reasons, the Considines' motion to reconsider is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 2, 2017**
**Charleston, South Carolina**